# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

EDDIE LEE WILLIAMS,               )
                                  )
                    Petitioner,   )
v.                                )          Case No. CIV-10-86-W
                                  )
H.A. LEDEZMA, WARDEN,[1]          )
                                  )
                    Respondent.   )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se* and currently confined at the Federal Correctional Institution (FCI) at El Reno, Oklahoma, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition has been promptly examined and for the reasons set forth below, it is recommended that the Petition be summarily dismissed upon filing.[2]

A review of the Petition establishes Petitioner challenges the validity of a federal conviction and sentence, not the execution of a sentence. As set forth below, Petitioner may

---

[1]Petitioner states that he is presently in federal custody at the Federal Correctional Institution, located in El Reno, Oklahoma. Where the petitioner is presently in federal custody, the federal officer having custody of the petitioner is a properly named respondent. Therefore, H.A. Ledezma, warden of the Federal Correctional Institution, is substituted as the proper respondent in the case. The United States of America is dismissed as a respondent.

[2]Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (*citing* Rule 1(b)).

not proceed with his claims in a petition brought pursuant to § 2241 as Petitioner has failed

to establish the remedy provided by 28 U.S.C. § 2255 (governing challenges to the validity

of a federal conviction and sentence) is inadequate or ineffective.

## I.    **Background**

In 1991 a jury convicted Petitioner of multiple drug-related offenses in Case No. CR-

91-06, United States District Court for the Eastern District of Oklahoma.[3] As relevant to the

claims presented in this § 2241 petition, Petitioner's conviction included the offense of

engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848.

Petitioner's conviction was affirmed on direct appeal. *See United States v. Williams*, No. 91-

7094, 1993 WL 125403 (10th Cir. April 19, 1993) (unpublished op.) (direct appeal of

conviction, reciting case history).[4]

Thereafter, Petitioner filed with the sentencing court a motion to vacate, correct or set

aside his sentence pursuant to 28 U.S.C. § 2255 and relief was denied. Petitioner appealed

the denial of his § 2255 motion. As relevant to the instant Petition, he raised two claims of

ineffective assistance of counsel as grounds for challenging his CCE conviction. On July 17,

1998, the Tenth Circuit Court of Appeals affirmed the district court's order denying § 2255

---

[3]Petitioner's indictment charged twenty-seven counts including distribution of cocaine, using a telephone to facilitate the distribution of cocaine, conspiracy, use of a person under twenty-one years of age to distribute cocaine, and violations of the money laundering statutes.

[4]In the Petition, Petitioner cites to a companion case involving an appeal by one of his co-defendants, Johnny Lee Pickens. *See United States v. Pickens*, No. 91-7092, 1993 WL 125402 (10th Cir. April 19, 1993) (unpublished op.). Although the companion case includes some relevant case history, Petitioner's direct appeal is Case No. 91-7094 not Case No. 91-7092.

relief. *See United States v. Williams*, No. 97-7041, 1998 WL 440481 (10th Cir. July 17, 1998) (unpublished op.) (appeal from denial of motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255, reciting case history).

Approximately one year later, on June 1, 1999, the United States Supreme Court rendered its decision in *Richardson v. United States*, 526 U.S. 813 (1999). Relying on *Richardson*, Petitioner again challenges his CCE conviction and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.

According to Petitioner, *Richardson* establishes that the conduct supporting his CCE conviction was not criminal. He claims he is actually innocent of the CCE conviction because the jury was not instructed to make unanimous findings as to the acts comprising the "series of violations" needed to support the CCE conviction. He further challenges the sufficiency of the evidence with respect to the element of the offense requiring that Petitioner hold a managerial position over five or more persons acting in concert.

## II.    Analysis

### A.    The *Richardson* Decision

To sustain a conviction for engaging in a CCE, the government must prove: (i) a felony violation of federal narcotics law; (ii) as part of a "continuing series" of at least three violations; (iii) "in concert with five or more other persons"; (iv) for whom the defendant is an organizer, supervisor, or manager; and (v) from which he derives "substantial income or resources." *See* 21 U.S.C. § 848(c).

In *Richardson*, the Supreme Court examined the meaning of § 848(c)'s phrase "continuing series of violations," the second component of the offense. The Court held that a jury must unanimously agree about which three crimes the defendant committed to satisfy the statutory requirement that defendant's behavior is "part of a continuing series of violations" as described in § 848(c)(2). *Id*. 526 U.S. at 815.[5] The Court held the district court erred by failing to specifically instruct the jurors that they were required to agree unanimously about which three related drug crimes petitioner committed. The *Richardson* court noted though that the error was potentially harmless and remanded the matter to the circuit court for an analysis of this point. *Id*. at 824 ("We leave to the Court of Appeals the question whether to engage in harmless-error analysis, and if so, whether the error was harmless in this case.").

### B. Petitioner's Claims for Habeas Relief Under § 2241 and Assertion of Actual Innocence

Petitioner seeks relief in this case pursuant to 28 U.S.C. § 2241. It is well-established that habeas petitions filed pursuant to § 2241 and motions filed pursuant to § 2255 generally serve different and distinct purposes. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, a § 2255 motion "attacks the legality of detention . . . and must be filed in the district that

_____

[5]The Court assumed without deciding that the necessary number of violations to constitute a series of violations is three. *Id*. at 818.

imposed the sentence." *Id*. (citation omitted). Section 2255 is generally the exclusive remedy available to a federal prisoner, like Petitioner, attacking the legality of his conviction and sentence. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As set forth above, Petitioner has previously sought § 2255 relief and such relief has been denied. Section 2255 allows a second or successive motion to be filed only where the claim involves newly discovered evidence, or the Supreme Court has announced a new rule of constitutional law made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h).[6] Petitioner correctly acknowledges that his claims do not satisfy these criteria for a second § 2255 motion. *See* Petition, Attachment 1 [Doc. #1-2] at electronic page 4. Petitioner does not allege newly discovered evidence as grounds for relief. And, the Tenth Circuit has expressly found that a claim brought pursuant to *Richardson* does not satisfy the second precondition to bringing a successive § 2255 motion. *See United States v. Apodaca*, 90 Fed. Appx. 300, 304 (10th Cir. Jan. 30, 2004) (unpublished op.) ("Even though *Richardson* announced a new rule of substantive law retroactively applicable to cases on collateral

---

[6]Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

review, at least for purposes of a first § 2255 motion, it was not 'made retroactive to cases on collateral review by the Supreme Court,' 28 U.S.C. § 2255, for purposes of enabling a second or successive § 2255 motion."). (citation omitted)**.**

Petitioner contends instead that the remedy provided by § 2255 is inadequate or ineffective and seeks to invoke this Court's habeas jurisdiction under § 2241 through § 2255's savings clause which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

It is well-established that the fact relief has previously been denied is insufficient to demonstrate the § 2255 remedy is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (it is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective). Likewise, that a petitioner may be precluded from filing a second § 2255 motion does not establish that statutory remedy is inadequate or ineffective. *Caravalho*, 177 F.3d at 1179.

In *Apodaca*, the Tenth Circuit addressed a *Richardson* claim raised in a second § 2255 motion. In that case, as here, the petitioner's first § 2255 motion had been denied prior to the *Richardson* decision. The Tenth Circuit concluded that under these circumstances, the

§ 2255 motion was not inadequate or ineffective, but that the petitioner was simply barred from raising the *Richardson* claim in a second § 2255 motion. *Id.*, 90 Fed. Appx. 300, 304. The Tenth Circuit acknowledged that "all prisoner remedies are not foreclosed because of the limitations on § 2255 relief" and that "[a] petition for a writ of habeas corpus under § 2241 demonstrating actual innocence may be an available remedy . . . ." *Id.* 90 Fed. Appx. at 304. The Court noted, however, that "recourse to the 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence." *Id.*, 90 Fed. Appx. at 304 n. 10 (*citing Reyes-Requena v. United States*, 243 F.3d 893, 903-904 (5th Cir. 2001)).

The Tenth Circuit has not decided whether § 2241 relief is available in the circumstances presented here.[7] However, in an unpublished decision, the Tenth Circuit has assumed, without deciding, the existence of an actual-innocence exception and analyzed whether the petitioner would qualify to proceed under § 2241 to raise an otherwise barred *Richardson* claim. *See Hernandez-Escarsega v. Morris*, 43 Fed. Appx. 181, 184 (10th Cir. May 3, 2002) (unpublished op.) (reviewing actual innocence claim based on *Richardson* and recognizing that "[o]ther circuits allow a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, [to] resort to § 2241 if the possibility of relief under § 2255 is foreclosed").

---

[7]*See, e.g., Winfield v. Ray*, 74 Fed. Appx. 850, 851 & n.3 (10th Cir. Aug. 12, 2003) (unpublished op.) (collecting other circuit cases and acknowledging unresolved nature of question in the Tenth Circuit); *see also Prevatte v. Gunja*, 167 Fed. Appx. 39, 43 (10th Cir. Feb. 13, 2006) (unpublished op.).

In *Hernandez-Escarsega*, the Tenth Circuit discussed the actual innocence showing necessary to proceed with a challenge to a conviction and sentence by way of a § 2241 petition. The petitioner must show factual innocence rather than legal innocence. *Id.*, 43 Fed. Appx. at 185 (*citing Reyes-Requena*, 243 F.3d at 903-904; *Triestman v. United States*, 124 F.3d 361, 379-380 (2d Cir. 1997)). Citing with approval from *Reyes-Requena*, the Tenth Circuit noted "the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Hernandez-Escarsega*, 43 Fed. Appx. at 184 *citing Reyes-Requena*, 243 F.3d at 903.[8] The Tenth Circuit rejected Petitioner's claim for relief under § 2241 finding his *Richardson* challenge -- *i.e.*, a claim of instructional error due to the lack of a jury unanimity instruction -- raised only issues of legal innocence.

Other federal circuit courts of appeals have reached the same conclusion. In *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001), a case the Tenth Circuit cited with approval in *Hernandez-Escarsega*, the Fifth Circuit Court of Appeals rejected a *Richardson* claim of actual innocence brought in an attempt to invoke § 2255's savings clause:

> Jeffers argues that he can prove he is "actually innocent" under *Richardson* because the jurors were never instructed that they had to unanimously convict him on each of the specific violations that made up the alleged continuing series of violations, and therefore he was never found guilty beyond a reasonable doubt on an essential element of the § 848 charge. But this does not amount to a claim that Jeffers was convicted of "a nonexistent offense" as

---

[8]In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* 243 F.3d at 904.

required by *Reyes-Requena's* actual innocence prong. "Actual innocence" for the purposes of our savings clause test could only be shown if Jeffers could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Richardson*, however, has no effect on whether the facts in Jeffers's case would support his conviction for a substantive offense.

*Id.*, 253 F.3d at 831. *See also Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003) ("[A] *Richardson* claim is not the type of defect that opens the portal to a § 2241 proceeding[;] *Richardson* clarified the standard by which a jury must find a defendant guilty of a CCE offense, but it did not invalidate CCE offenses."); *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003) (joining the Fifth and Eleventh Circuits "in concluding that a *Richardson* claim is not the sort that will permit passage through the narrow opening of § 2255's savings clause."); *Cephas v. Nash*, 328 F.3d 98, 107-108 (2d Cir. 2003) (*accord* and finding any instructional error harmless because the jury found petitioner guilty of four substantive narcotics charges as well as the CCE count).

This authority is persuasive and precludes Petitioner's attempt to pursue his claims in this § 2241 action by invoking §2255's savings clause. Significantly, Petitioner does not allege any facts to demonstrate he did not commit the three underlying offenses necessary to support the CCE conviction. Instead, he challenges the conviction solely on grounds of jury instruction error pursuant to *Richardson*. Petitioner's claim is one of legal innocence. As such, it is insufficient to establish a right to proceed pursuant to § 2241.

Petitioner also asserts "actual innocence" on grounds that the jury was not instructed to agree unanimously on the "five or more persons" whom he supervised. This assertion is

not premised on *Richardson* as the Court expressly did not reach the issue of unanimity regarding proof of the number of people with whom the defendant committed the violations. The Court assumed, without deciding, that unanimity was not required on this aspect of the crime. *Richardson*, 526 U.S. at 824. *See also United States v. Almaraz*, 306 F.3d 1031, 1037 (10th Cir. 2002) ("[T]he limited holding in *Richardson* did not require an instruction that the 'series of violations' found by the jury must be undertaken in concert with five or more people . . . .").

Moreover, a close reading of Petitioner's argument shows that what he specifically challenges is the sufficiency of the evidence to support the existence of five or more persons whom he organized or supervised. Petitioner argues the evidence is insufficient to establish he organized or supervised the following five individuals: Sam Myles, Bennie Roberts, Dwight Booker, Dexter Pickens and Johnnie Pickens. Yet this issue was determined adversely to Petitioner in his § 2255 motion. *See United States v. Williams*, *supra*, 1998 WL 440481 at * 3. As the Tenth Circuit found in that proceeding:

> Leaving aside Ms. Spencer and Mr. Wren, and also excluding from consideration two other codefendants whom the jury acquitted, we are still left with five persons who the jury could have found were 'organized, supervised or managed' by appellant: Sam Myles, Bennie Roberts, Dwight Booker, Dexter Pickens, and Johnnie Pickens. Having reviewed the trial transcript, we conclude that the prosecution presented sufficient evidence from which the jury could have determined that each of these persons was appellant's supervisee. We therefore affirm appellant's CCE conviction.

*Id*. Petitioner's assertion of actual innocence on this basis, therefore, likewise fails.

In sum, Petitioner has not demonstrated that § 2255 provides an inadequate or ineffective remedy for testing the legality of his detention. Consequently, Petitioner cannot proceed with a challenge to the legality of this detention in a § 2241 petition, and the Petition should be dismissed.

## RECOMMENDATION

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily dismissed.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, Petitioner may file specific written objections. Fed. R. Civ. P. 72(b)(2). Any objections must be filed with the Clerk of the District Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Court Clerk is directed to mail a copy of this Report and Recommendation to the U.S. Attorney's Office on behalf of the Respondent for informational purposes.

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __1st__ day of March, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE